**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 95-30743

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD DANIEL SHAFFETT,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Louisiana

(CR-95-25-A)

---

August 8, 1996

Before BENAVIDES, STEWART and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Shaffett was convicted after a guilty plea of misdemeanor violations of the Endangered Species Act and the Lacey Act for importing and selling four handbags made from the skins of two species of endangered African crocodiles. Based on his own expert's report that put into question the government's identification of the crocodile skins, Shaffett moved to withdraw his guilty plea. The district court denied his motion, and Shaffett appeals. Finding no clear error, we AFFIRM.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

FACTS

Shaffett owns an alligator tanning business and also acted as a distributor for a French company, Creations D.P., which manufactures handbags and other items made from crocodile, alligator, and other reptile skins. Certain items were seized from his business in June 1993 and were examined by a government expert in the field of crocodile skin identification. Another handbag was purchased and examined by an undercover agent for the U.S. Fish and Wildlife Service.

As a result of these examinations, Richard Shaffett was originally charged with two felonies, one under the Lacey Act and one under the smuggling act, based on allegations that the seized items were made from endangered species. Shaffett entered into a plea agreement, whereby he agreed to plead guilty to a superseding bill of information charging him with (1) knowing receipt in foreign commerce of three handbags made from the skin of the Nile Crocodile, a violation of the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(E), 1540(b); (2) knowing and unlawful sale in interstate commerce of a handbag made from the skin of the African slender-snouted Crocodile, another violation of the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(F),1540(b); and (3) sale of a purse made from the skin of the African slender-snouted Crocodile which he knew or should have known had been possessed, transported or sold in violation of the Lacey Act, 16 U.S.C. §§3372 (a), 3373(d)(2).

After he was sentenced to three years' probation with a special condition that he reside at The Ecumenical House for six months and pay a $3,000 fine, Shaffett moved for and received permission to have the contraband handbags examined by his own expert. Following the examination, Shaffett moved to withdraw his guilty plea, arguing that his expert had found that the count 1 purses were not from the Nile crocodile, but from a another species that is not listed as endangered, and alleging

that the fourth handbag referred to in Counts 2 and 3 was made from a subspecies of the African slender-snouted crocodile that is legal to import under the provisions of the Lacey Act, provided its importation is accompanied by proper identification.  Shaffett contends that there was no factual basis for the plea sufficient to show that the conduct would constitute the criminal offense charged. He argues that this lack of factual basis affects the voluntariness of the plea because the plea was based on the Government's misrepresentation that a crime had been committed, when in fact no crime had been committed.  Shaffett also contends that he was coerced into the guilty plea by threats from a Government attorney.

DISCUSSION

"The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom."  United States v. Fitzhugh, 78 F.3d 1326, 1328 (8th Cir. 1996)(citing United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992).  In accord with Fed. R. Crim. P. 32(d), a court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason, but a defendant does not have an absolute right to withdraw his guilty plea, and the decision to allow him to do so is within the sound discretion of the trial court.  United States v. Nash, 29 F.3d 1195, 1198 (7th Cir. 1994)( citations omitted).  When a defendant enters a guilty plea, the sentencing court must satisfy itself, through an inquiry of the defendant or examination of the relevant materials in the record, that an adequate factual basis exists for the elements of the offense, in accord with the dictates of Federal Rule of Criminal Procedure 11(f).  United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992)(citation omitted).  The record must reveal specific factual allegations supporting each element of the offense.  Adams, 961 F.2d at 508.  The acceptance of a guilty plea is deemed a factual finding

3

that there is an adequate factual basis for the plea, and we review this finding under the clearly erroneous standard. Id.; United States v. Rivas, ___F.3d ___, 1996 WL 284972, *1 (5th Cir. 1996).

The Nile crocodile and the African slender-snouted crocodile are both listed as protected by the Endangered Species Act, 50 C.F.R. §17.11(h). Thus, it is unlawful for any person subject to the jurisdiction of the United States to deliver, receive, carry, transport, or ship in interstate or foreign commerce either species, and it is unlawful for any person to sell or offer for sale either species in interstate or foreign commerce. 16 U.S.C. §1538(a)(1)(E),(F). Furthermore, under the Lacey Act, it is unlawful for any person to illegally transport, sell, receive, acquire, or purchase any species listed as covered by the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), to which the United States is a signatory. 16 U.S.C. §3372(a). The African slender-snouted crocodile is on the CITES list, though one subspecies may be transported if properly documented. 50 C.F.R. §23.23.

The factual basis for the guilty plea was based on testimony given at the plea hearing by U.S. Fish and Wildlife Special Agent John Collins. Collins testified that both the Nile River crocodile and the slender-snouted crocodile were endangered species . He also testified that the African slender-snouted crocodile is listed in the appendices to the CITES Treaty, which means that a permit from the U.S. Department of the Interior is required before articles made from this particular species can be imported, and that the Department of the Interior did not issue any such permits to Shaffett. In testifying that the three handbags listed in Count 1 were made from the skin of Nile River crocodiles, Collins relied on a report prepared by Dr. Wayne King, a professor of herpetology at the University of Florida. (Herpetology is the branch of zoology dealing with reptiles and amphibians.) Dr. King's impressive Curriculum Vitae had been made part of the record at the time the court considered

4

Shaffett's guilty plea. Collins testified that the handbag listed in Counts 2 and 3 was identified as being African slender-snouted crocodile by an unnamed undercover agent.

Shaffett alleges that the skins were misidentified by the government and that therefore there was no factual basis for the plea. In his motion, Shaffett argued that his expert, Karlheinz Fuchs, had found that the three Count 1 purses were made from the skins of New Guinea crocodiles, a species not listed as endangered, and that the fourth handbag, while made from the slender-snouted crocodile, was from a subspecies not prohibited for import under the CITES treaty. Furthermore, Fuchs, while not debating that the fourth handbag was made from the African slender-snouted crocodile, did question the identification methodology employed by Collins in the courtroom and apparently relied on by the undercover field agent. Shaffett admitted that identification of the origin of a crocodile skin is highly specialized, and testified that only five people in the world are expert enough to be able to distinguish the various species and subspecies.

The legislative history of the Endangered Species Act shows that Congress intended to make violations of its provisions a general intent crime, and no specific intent to possess an endangered animal product is necessary. See United States v. Nguyen, 916 F.2d 1016, 1018-19 (5th Cir. 1990). Thus, the only element necessary to show a violation of the act is a generalized knowledge of possession of the animal product in question. It is not necessary to know that the animal product is from a protected species or subspecies, and the government need not prove that the possessor knew that the product was from a threatened species or that he knew that it was illegal to transport, import, or sell it. See Nguyen, 916 F.2d at 1018. Shaffett admitted at the plea hearing that he knew the purses were made from crocodile skin. Given the highly specialized identification process acknowledged by Shaffett, it would not be unexpected that experts might disagree in their conclusions

5

about the skins in question. The fact that Shaffett can point to a difference of opinion between experts does not automatically render his guilty plea infirm. Our review of the record satisfies us that the district court established an adequate factual basis for each element of the offenses charged. Consequently we reject Shaffett's claims to the contrary.

Shaffett also argues that his plea was involuntary because it was induced by a threat made by a United States Department of Justice attorney. Shaffett sought to introduce evidence of the threat at the hearing on the motion to withdraw the plea, but decided not to pursue the argument on the advice of the district court. Because Shaffett declined to pursue the issue, he is deemed to have waived it.

As the trial court did not make any clear error in finding an adequate factual basis for the guilty plea in accord with Federal Rule of Criminal Procedure 11(f), and Shaffett waived any argument that his plea was induced by a threat, the district court did not abuse its discretion in denying Shaffett's motion to withdraw his guilty plea. Accordingly, the district court's decision is AFFIRMED.